IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS PIELSTICKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | No. 4:19-CV-455-Y |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is petitioner James Douglas Pielsticker's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot in part, and denied in part.

**I. FACTUAL AND PROCEDURAL HISTORY**

Petitioner is serving a total 90-month term of imprisonment for his 2015 convictions in the Northern District of Oklahoma for conspiracy and tax evasion. (J., United States v. Pielsticker, Case No. 4:14-cr-0153-GKF-1, doc. 66.) By way of this petition, Petitioner challenges a 2016 disciplinary proceeding conducted at FMC-Fort Worth and the resultant sanctions, including the loss of 41 days of accrued good-conduct time. (Pet. 3-5, doc. 1.) He seeks the following relief:

→ removal of the disciplinary sanction from his prison record; and

> restoration of all good-time credits, earned-time credits, pre-release transfer or discharge rights or eligibility, and any other rights under the First Step Act that may have been lost or compromised as a result of the disciplinary sanction.

(Id. at 1.)

## II.  DISCUSSION

Petitioner was charged in Incident Report No. 2823537 with refusing to provide a urine sample, a code 110 violation. (Resp't's Ex. 2, doc. 1-2.) Following a disciplinary hearing on March 23, 2016, the disciplinary hearing officer (DHO) found Petitioner had committed a prohibited act. (Id. Ex. 3, doc. 1-3.) Petitioner appealed the DHO's decision, claiming that a medical condition, in combination with medication, inhibited his ability to urinate. The appeal was dismissed. (Id. Exs. 11 & 13, docs. 1-11 & 1-15.)

Respondent has provided the declaration of James Carey, an employee of the Bureau of Prisons (BOP), confirming that, based on Petitioner's allegations in this habeas petition, the BOP has reexamined the disciplinary proceeding, withdrawn the sanctions, restored Petitioner's good-conduct time, and expunged the incident report from his prison record. (Resp't's App. 1-2, doc. 12.) Respondent asserts that the petition has, thus, been rendered moot. (Resp't's Resp. 1-2, doc. 11.)

The Court agrees with respect to Petitioner's request for removal of the disciplinary sanction from his prison record and

restoration of his good time credits. Because there is no longer any relief for the Court to award in these respects, the petition is rendered moot and will be dismissed.

As to restoration of any "additional rights, privileges and benefits" to which Petitioner may be entitled under the First Step Act, the petition is vague and conclusory. Petitioner wholly fails to demonstrate that the First Step Act applies to him or the relief to which he claims entitlement under the Act was "lost or compromised" as a result of the now-expunged disciplinary sanction. In fact, Petitioner admits that it is his hope and expectation that the expungement of the disciplinary sanction "necessarily implies that <u>all</u> First Step Act benefits or eligibility . . . would also be restored." (Pet'r's Reply 2, doc. 13 (emphasis in original).) It is the petitioner's burden in a habeas-corpus proceeding to demonstrate facts that establish a constitutional violation. *See Clayton v. Blackburn,* 578 F.2d 117, 120 (5th Cir. 1978). Because Petitioner's vague assertions are insufficient to articulate a factual or legal basis for federal habeas relief in this respect, the petition must be denied.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as moot, in

part, and DENIED, in part.

SIGNED August 30, 2019.

                                             _____
                                             TERRY R. MEANS
                                             UNITED STATES DISTRICT JUDGE